UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No._____

| | |
|---|---|
| THE MERCY HOSPITAL, INC., )<br>　　Plaintiff　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>MASSACHUSETTS NURSES　　　)<br>ASSOCIATION,　　　　　　　　)<br>　　Defendant　　　　　　　　)| COMPLAINT<br><br>**04 - 30014 - MAP** |

**FILING FEE PAID:**
RECEIPT # 305485
AMOUNT $ 150.00
BY DPTY CLK ___
DATE 1/23/04

## INTRODUCTION

This is an action under 29 U.S.C. §301 and 9 U.S.C. §10 to vacate an arbitration award.

## PARTIES

1. The plaintiff, The Mercy Hospital, Inc. (Mercy) is a non-profit, charitable Massachusetts corporation with a principal place of business at 271 Carew Street, Springfield, Hampden County, Massachusetts. Mercy operates an acute care hospital in Springfield.

2. The defendant, Massachusetts Nurses Association (MNA), is a non-profit Massachusetts corporation and a labor organization with a principal place of business at 340 Turnpike Street, Canton, Massachusetts. The MNA is the representative of the registered nurses at Mercy.

3. The plaintiff and the defendant are parties to a collective bargaining agreement (the CBA) between an employer and a labor organization.

## FACTS

4. The CBA provides a grievance and arbitration system for the resolution of disputes. Section 12.03 provides for arbitration.

5. On August 29, 2003, Mercy terminated a registered nurse and bargaining unit member named Nancy Dufault. The reason for the termination was as follows: "Failure to adhere to the standards of narcotic/controlled substance administration - suspected drug diversion."

6. The MNA filed a grievance regarding Ms. Dufault's termination. The grievance was denied and the MNA requested arbitration.

7. An arbitration was held before arbitrator Suzanne Butler on February 21, 2003, June 10, 11, 12, 2003, and July 2, 2003.

8. The arbitrator rendered an opinion and decision in favor of the grievant dated December 22, 2003, and delivered on December 26, 2003. The issue presented to the arbitrator was "Was the termination of the Grievant for just cause: If not, what should be the remedy?

9. Section 14.01 of the CBA provided as follows:

> The Association recognizes that the Hospital has the obligation of serving the public with the highest quality efficient and economical medical care and in meeting medical emergencies. The Association further recognizes the right of the Hospital to operate and manage the Hospital including but not limited to the right to require efficient standards of performance and the maintenance of discipline, order and efficiency, the right to determine medical and nursing care standards and methods, to direct nurses and determine professional assignments, to schedule work, to determine the quantity and type of equipment to be used, to introduce new methods and facilities, to determine efficient staffing requirements, to determine the number and location of facilities, to determine whether the whole or any part of the operation shall continue to operate, to select and hire employees, to determine qualifications for nursing positions, to promote, demote, suspend,

      discipline or discharge employees for just cause, to lay off employees for lack of work or other legitimate reasons, to recall employees, to determine that nurse employees shall not perform certain functions, to require reasonable overtime work, to promulgate reasonable rules and regulations provided that such rights shall not be exercised so as to violate any of the specific provisions of this agreement.

10. The arbitrator found that the termination was not for just cause and sustained the grievance. In doing so the arbitrator, even in finding for the grievant, found (as had been admitted) that the grievant had not accurately recorded the time and dosages of controlled substances administered to patients, had sometimes not recorded administration at all, had improperly withdrawn more controlled substances than was necessary at the time, had administered controlled substances in a manner that was not prescribed by the physician and had failed to record and have witnessed "waste", i.e. additional narcotic and controlled substance withdrawn but not administered. In doing so, the arbitrator approved "deviation from proper procedures by using short-cuts...." With respect to the grievant's own alleged administration of medication by a method that was different than what was prescribed, the arbitrator exonerated her for this on grounds that it was not "impossible" (to do it) and not "medically lethal", again exonerating "technically improper shortcuts" in the administration of controlled substances. The arbitrator further found that the failure to follow proper procedures in the handling and administration of controlled substances was "nondispositive." In short, the arbitrator found that the hospital could not discipline the grievant for use of improper procedures, failure to follow physician's orders and improper recordkeeping in the administration of controlled substances and narcotics.

11. There exists in both the Commonwealth of Massachusetts and the United States a well-defined and dominant public policy regarding the use and administration of controlled substances and narcotics and the proper and safe provision of health care in hospitals by registered nurses as evidenced by 21 U.S.C.A. §301 et. seq; 21 U.S.C.A. §801 et seq; M.G.L.C. 94C §1-48; G.L.C. 112 §80B, and 244 CMR §9.03. The actions of the grievant as found by the arbitrator, violated these policies.

12. The arbitrator's award exceeded her authority under the CBA, violated a well-defined and dominant public policy, constituted an impermissible modification of the agreement and constituted the arbitrators own brand of justice instead of the contractual standard.

## COUNT I
### 29 U.S.C. §301

13. The plaintiff hereby restates and realleges each and every allegation contained in paragraphs 1 - 12.

14. The arbitration award exceeds the arbitrator's authority under the CBA and violates public policy. The award should be vacated.

WHEREFORE, the plaintiff prays:

a.  That judgment be entered in its favor.

b.  That the Court enter an order vacating the arbitrator's award.

c.  That the Court grant such other and further relief as it deems just.

4

## COUNT II

### 9 U.S.C. §10

15. The plaintiff hereby restates and realleges each and every allegation contained in paragraphs 1 - 12.

16. The arbitration award exceeds the arbitrator's authority under the CBA and violates public policy. The award should be vacated.

WHEREFORE, the plaintiff prays:

a. That judgment be entered in its favor.

b. That the Court enter an order vacating the arbitrator's award.

c. That the Court grant such other and further relief as it deems just.

THE PLAINTIFF

By: *[signature]*
Maurice M. Cahillane, Esq.
EGAN, FLANAGAN AND COHEN, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121
BBO# 069660

Dated: 1/23/04

0423-020804\62758.wpd

5