UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

The Mercy Hospital, Inc.,
Plaintiff

v.

Massachusetts Nurses Association,
Defendant

Civ. No. 04-30014-MAP

## ANSWER

1. Admitted.

2. Admitted as to the first sentence. As to the second sentence, MNA admits that it is the representative of a bargaining unit of registered nurses employed by Mercy Hospital; however, there may be registered nurses employed by Mercy Hospital not within the bargaining unit.

3. Admitted.

4. Admitted. Answering further, Section 12.03 of the CBA provides in part that "The decision of the arbitrator shall be final and binding upon all the parties."

5. Denied. Answering further, Mercy Hospital terminated Nancy Dufault on August 29, 2002. Admitted that the notice of discharge given to Dufault stated that the reason for the discharge was "Failure to adhere to the standards of narcotic/controlled substance administration – suspected drug diversion." Admitted that Dufault was a registered nurse and member of the bargaining unit. Otherwise, denied.

6. Admitted.

7. Admitted.

8. Admitted that the award is dated December 22, 2003. The MNA is without knowledge as to when the award was delivered to Mercy Hospital, and therefore cannot at this time admit or deny that aspect of the Complaint. Admitted as to the second sentence. Answering further, Mercy Hospital and the MNA stipulated that the issue to be decided by the arbitrator was "Was the termination of the Grievant for just cause? If not, what should be the remedy?"

9. Admitted.

10. Admitted as to the first sentence. Otherwise, denied. Answering further, the Arbitrators award speaks for itself, and no further response to Mercy Hospital's argumentative description of its contents is necessary.

11. Admitted as to the existence of 21 U.S.C.A. § 301 et seq.; 21 U.S.C.A. § 801 et seq.; M.G.L. chap. 94C § 1 et seq.; M.G.L. chap. 112 § 80B; and 244 CMR § 9.03. Insofar as Mercy Hospital's Complaint does not specify the alleged "well-defined and dominant public policy," MNA can neither admit to nor deny its existence at this time. Otherwise, denied.

12. Denied.

## Count I    29 U.S.C. § 301

13. MNA restates and re-alleges paragraphs 1-12 of its Answer, supra, as though set forth in full herein.

14. Denied.

## Count II    9 U.S.C. § 10

15. MNA restates and re-alleges paragraphs 1-14 of its Answer, supra, as though set forth in full herein.

16. Denied.

## Affirmative Defenses

17. The Complaint fails to state a claim upon which relief may be granted.

18. To the extent that the Complaint is based upon alleged mistaken findings of fact by the Arbitrator, such a defect is beyond the scope of judicial review.

19. The Complaint was not timely filed.

Wherefore, MNA requests that judgment be entered in its favor; that the Court enter an order enforcing the Arbitrator's award; and that the Court grant such other and further relief as justice requires.

Respectfully submitted on
behalf of the Defendant,

Massachusetts Nurses Association

By its attorneys,

Alan J. McDonald, BBO #330960
Mark A. Hickernell, BBO #638005
McDonald & Associates
Cordaville Office Center
153 Cordaville Road, Suite 210
Southborough, MA 01772
Tel. (508) 485-6600

Dated:   February 25, 2004