UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



The Mercy Hospital, Inc.,

    Plaintiff

v.

Massachusetts Nurses Association,

    Defendant

Civ. No. 04-30014-MAP

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE OPPOSITION TO
REPORT AND RECOMMENDATION OF MAGISTRATE**

### I.   Introduction

The Defendant, Massachusetts Nurses Association ("Association"), submits this Memorandum in support of its Motion to Strike the Plaintiff's Objection to the Report and Recommendation of the Magistrate in the above-referenced matter. Two separate grounds exist for striking the Opposition, in whole or in part. First, the Objection as a whole should be stricken because it was not timely filed. *See* Section II, *infra*. Second, instead of arranging for the proper assembly of the record below, as per F.R.Civ.P. 72(b), the Plaintiff has improperly included a "statement of facts" derived from neither the Arbitrator's Award nor the Magistrate Judge's Report and Recommendation, but rather in part from extraneous materials not properly before the Court. Even if the Court considers the late-filed objection, the "statement of facts" and the extraneous exhibits should be stricken. *See* Section III, *infra*.

## II. The Objection Is Untimely

The Plaintiff's Objection is untimely and should not be considered by the District Court. The Plaintiff has sought to stretch the 10-day period for filing its Objection impermissibly to 20 days. The District Court should satisfy itself that the Report and Recommendation contains no clear error, which it does not, and enter summary judgment for the Defendant.

The time for filing an objection to a Magistrate Judge's Report and Recommendation (hereinafter, Report and Recommendation) is governed by F.R.Civ.P. 72(b), F.R.Civ.P. 6(a), and F.R.Civ.P. 6(e). See, e.g., Advisory Committee Notes to Rule 72. Rule 72(b) provides that objections may be filed within ten (10) days after being served with a copy of the recommended disposition. Rule 6(a) provides that for a period of prescribed or allowed time of less than eleven (11) days, "intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." As Rule 72(b) allows for fewer than eleven days for filing objections to a Report and Recommendation, Rule 6(a) is operative. In addition, Rule 6(e) adds three (3) days to the prescribed period to allow for service (regardless of whether service of the Report and Recommendation is made by mail or electronically). If the last day of a computed period is a Saturday, Sunday, or legal holiday, the period runs "until the end of the next day which is not one of the aforementioned days." F.R.Civ.P. 6(a).

The penalty for failure to timely file an objection is severe. Rule 3(b) for United States Magistrate Judges in the United States District Court for the District of Massachusetts requires all Reports and Recommendations to contain "clear notice to the parties that failure to file timely and appropriate

objections to that report and recommendation under the provisions of this Rule will result in preclusion of the right to appeal the district court's order to the United States Court of Appeals." See Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974), cert. denied, 419 U.S. 879 (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation); United States v. Walters, 638 F.2d 947 (6th Cir. 1981) (failure to make timely objection may constitute waiver of appellate review); Thomas v. Arn, 474 U.S. 140 (1985) (enforcing 6th Circuit's rule of waiver); 32 AmJur 2d, Federal Courts, at §198 p. 477-478 (Objections to magistrate's decisions). Within the First Circuit, this has been the consequence for failure to file timely objection. See, e.g., Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980); Scott v. Schweiker, 702 F.2d 13 (1st Cir. 1983) (denying appellate review where no timely objection filed); Keating v. Sec. of Health and Human Services, 848 F.2d 271, 273 (1st Cir. 1988) (declining to consider issues not raised before the magistrate, and not before the district court). In this case, the Report and Recommendation contained the clear notice required by Rule 3(b). See Report and Recommendations at p. 10 n. 4.

Here, the Report and Recommendation is dated, and was electronically filed, on Thursday, January 13, 2005. See Report and Recommendation at 1 and 10. There is debate among courts and in the commentary about whether the Rule 72(b) 10 day period (excluding weekends and holidays) or the Rule 6(e) 3-day period should be counted first. See, e.g., Wright & Miller, v. 4B, § 1171, at 596-603 and cases cited (preferring to first compute the 10-day period under Rule 6(a), and then adding 3 calendar days pursuant to Rule 6(e)). In this case, however, it does not matter. If, as Wright and Miller prefer, the ten day

3

period is counted first, excluding weekends and holidays, the ten days are January 14, 18, 19, 20, 21, 24, 25, 26, 27, and 28 (a Friday).[1] Three calendar days added thereto are Saturday January 29, Sunday January 30, and Monday January 31. An Objection filed on Wednesday February 2, as the Plaintiff's was, is untimely.

If, instead, the 3 calendar days derived from Rule 6(e) are counted first, they are January 14, 15, and 16 (note that the date does not advance to January 18 pursuant to Rule 6(a) because the last day of the entire period calculated has not yet been determined). The 10 days to be counted under Rule 72(b) and Rule 6(a) are January 18,[2] 19, 20, 21, 24, 25, 26, 27, 28, and Monday January 31. Again, this is two days before the Plaintiff filed its objection in this case.

Note that the 10 day period and the 3 day period should not be merged to form a single 13 day period, as this would remove the period from Rule 6(a). See Wright & Miller, § 1171, at 597-598. Nor should weekends and holidays be excluded from the Rule 6(e) 3-day period, as Rule 6(e) does not speak of a separate period, but rather of adding three days to the prescribed period. See also Wright & Miller, § 1171, at 598-599; Lerro v. Quaker Oats Co., 84 F.3d 239, 241-242 (7th Cir. 1996) (discussion of proper application of period for filing objections).

The first method described above, that preferred by Wright & Miller, appears to be dominant. See, e.g., Berman v. Congressional Towers Ltd. Partnership, 325 F.Supp. 2d 590, 592-594 (D.Md. 2004). The First Circuit

---

[1] Monday, January 17, Martin Luther King, Jr. Day, is excluded as a legal holiday.

[2] Again, January 17 is skipped.

4

decisions expressing an opinion on the matter have adopted the second method, which provides for no different result here. See, e.g., Coles Express v. New England Teamsters and Trucking Industry Pension Fund, 702 F.Supp. 355 (D. Me. 1988); Winters v. FDIC, 812 F.Supp. 1, 4 (D. Me. 1992); Ramsdell v. Bowles, 64 F.3d 5, 8 and n. 1 (1st Cir. 1995) (appeal from case in the District for Maine), cert. denied sub nom. Ramsdell v. Machias Sav. Bank, 516 U.S. 1113 (1996). Importantly, both the Wright & Miller method and that discussed in the First Circuit to date agree that weekends and holidays are not to be excluded from the Rule 6(e) 3-day period. The Court should not hesitate to follow the majority view in calculating the time permitted for filing objections and, accordingly, to strike the Plaintiff's Objection as untimely.[3]

### III. The Objection Contains Extraneous Materials

Even if the Court is inclined to consider the Plaintiff's late-filed Objection, the Court should strike those portions of the Opposition that seek to inappropriately supplement the record. Rule 72(b) requires the an objecting party, such as the Plaintiff here, to "promptly arrange for the transcription of the record, or portions of it as all parties may agree upon or the magistrate judge finds sufficient, unless the district judge otherwise directs." F.R.Civ.P. 72(b)(second paragraph). Instead of doing this, the Plaintiff has appended to its Objection its post-hearing brief to the arbitrator (Plaintiff's exhibit 2), selected portions of the transcript of the arbitration hearing (Plaintiff's exhibit 3), and an exhibit from the arbitration hearing (Plaintiff's exhibit 4). None of

---

[3] If the Court is inclined to consider whether the late-filed Objection should nevertheless be considered, the Defendant asks to be permitted to present evidence as to the prejudice suffered by the Defendant and the grievant as a result of the delay in resolving this matter.

these documents are appropriate parts of the record; because the Plaintiff's "Statement of Facts" relies heavily on these documents, it too is not properly before the Court.

The facts before this Court are as the Arbitrator found them, even if the Arbitrator erred in some respect, as long as the Arbitrator has not been shown to have acted in bad faith. See, e.g., El Dorado Technical Servs., Inc. v. Union General de Trabajadores de Puerto Rico, 961 F.2d 317, 320 (1st Cir. 1992). Here, there has been neither a showing nor an allegation of bad faith on the part of the Arbitrator. The record should consist solely of the Arbitrator's Award, the collective bargaining agreement, and the transcript of the proceedings before the Magistrate Judge, if any. The Association therefore moves to strike the Hospital's "statement of facts" to the extent it deviates from the facts as determined by the arbitrator, as well as Plaintiff's exhibits 2, 3 and 4. The Association notes that the Arbitrator was not required to, and evidently did not, accept the testimony, exhibits, and brief submitted on behalf of the Plaintiff as credible or dispositive. It was inappropriate for the Plaintiff to include them here, as it likewise tried to include them in the record before the Magistrate Judge (where the Association likewise made them subject to a motion to strike[4]).

---

[4] The Report and Recommendation does not specifically rule on the Association's Motion to Strike. However, it states at page 1 that "As the parties are well aware, the court must rely on the facts as the arbitrator found them," which is at minimum a strong implication that the Plaintiff's extraneous materials were not considered.

### IV. Conclusion

For all of the reasons set forth above, the Association respectfully requests that its Motion to Strike the Plaintiff's Objection to the Report and Recommendation of the Magistrate in this matter.

Respectfully submitted,

For the Defendant

Massachusetts Nurses Association

By its attorney,

Mark A. Hickernell, BBO # 638005
McDonald & Associates
Cordaville Office Center
153 Cordaville Road, Suite 210
Southborough, MA 01772
(508) 485-6600

Date: February 18, 2005

### CERTIFICATE OF SERVICE

I, Mark A. Hickernell, hereby certify that I have this day by first class mail, postage prepaid, served a copy of the foregoing Defendant's Memorandum in Support of Plaintiff's Motion to Strike Opposition To Report and Recommendation of Magistrate upon Maurice M. Cahillane, Esq, Egan, Flanagan and Cohen, P.C., 67 Market Street, P.O. Box 9035, Springfield, Massachusetts 01102-9035

Dated: February 18, 2005

Mark A. Hickernell, BBO #638005.

7